IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBIO RONNIE TOWNSEND,

    Plaintiff,                      No.  2:13-cv-0992 DAD P

    vs.

DAVID FINNELL, et al.,

    Defendants.                 ORDER

_____/

        Plaintiff, a civil detainee proceeding pro se, has filed a civil action on the form for a civil rights action pursuant to 42 U.S.C. § 1983 together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

        Plaintiff names fifteen defendants in his complaint.  Therein he alleges that all defendants except one work at Atascadero State Hospital, which is located in San Luis Obispo County.  The other defendant, Dr. David Godwin, works at Coalinga State Hospital, which is located in Fresno County.  Plaintiff alleges that the defendants at Atascadero State Hospital all committed acts and omissions that contributed to a determination by the San Luis Obispo County

1

Superior Court to confine plaintiff as a sexually violent predator.  (Complaint, filed May 20, 2013 (ECF No. 1) at 2.)  Plaintiff also alleges that at Coalinga State Hospital Dr. David Godwin refuses to lower the dosage of an "extremely powerful" medication that plaintiff is on pursuant to an order of the San Luis Obispo County Superior Court.  Id. at 3.  Plaintiff seeks money damages.  Id. at 5.

   To the extent that plaintiff challenges his civil commitment, his complaint suffers from several defects.  First, as long as the judgment of civil commitment against plaintiff remains in effect plaintiff may not bring claims for money damages that implicate the validity of his detention pursuant to such judgment.  See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1137 (9th Cir. 2005) (applying favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994) to § 1983 claims for damages and declaratory relief that implicate validity of confinement of sexually violent predator).  Any federal court challenge to plaintiff's detention must be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Huftile, 410 F.3d at 11439-40 (citing Duncan v. Walker, 533 U.S. 167, 176 (2001)).[1]  Moreover, any such petition should be brought in the district where the civil commitment proceedings took place.  Plaintiff alleges that he was committed by the San Luis Obispo County Superior Court.  (See Complaint (ECF No. 1) at 5.)  San Luis Obispo County is located within the boundaries of the Central District of California, and it appears that a federal habeas corpus challenge to petitioner's civil commitment should be filed in the United States District Court for the Central District of California.

   To the extent that plaintiff is attempting to bring against any of the defendants employed at Atascadero claims that implicate the conditions, rather than the validity, of his civil

---

[1] Petitioner is also informed that the exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  Thus, any challenge to his civil commitment should be brought first in the state courts prior to proceedings in federal court.

confinement such claims must also be brought in the United States District Court for the Central District of California. The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Atascadero State Hospital is in San Luis Obispo County which, as noted above, is located within the Central District of California.

Finally, plaintiff's civil rights claim against Dr. David Godwin must be brought in the Fresno Division of this Court. Any alleged claim against Dr. Godwin arose at Coalinga State Hospital, which is in Fresno County; Fresno County is part of the Fresno Division of the United States District Court for the Eastern District of California. See Local Rule 120(d).

For all of the reasons set forth in this order, none of plaintiff's claims are properly brought in this court. Moreover, in light of the fact that some of plaintiff's claims must proceed, if at all, in the United States District Court for the Central District of California and some of plaintiff's claims must proceed, if at all, in the Fresno Division of this Court, the interests of justice are not served by transfer of the action. Cf. 28 U.S.C. § 1406(a). Instead, the action will be dismissed without prejudice to plaintiff's right to file one or more new actions in the appropriate court.

/////
/////
/////
/////
/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is granted; and

2. This action is dismissed without prejudice.

DATED: June 6, 2013.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
town13cv0992.dm